Esta L. Yocum v. Commissioner. Esta L. Yocum and Edna L. Yocum v. Commissioner.
Yocum v. Commissioner
Docket Nos. 57100, 57101.
United States Tax Court
T.C. Memo 1958-149; 1958 Tax Ct. Memo LEXIS 78; 17 T.C.M. (CCH) 750; T.C.M. (RIA) 58149; July 31, 1958
*78 1. Held, respondent correctly determined deficiencies in income tax for each of the years 1951, 1952, and 1953. 2. Held, respondent correctly determined additions to tax under sections 294(d)(1)(A) and 294(d)(2), I.R.C. of 1939 for the year 1951, and under section 294(d)(1)(A) for the year 1952. 3. Held, the evidence of fraud not being clear and convincing, consideration of the individual income tax returns of Esta L. Yocum for the years 1947, 1948, and 1949 is barred by the statute of limitations. Esta L. Yocum, Leesburg, Ind., pro se. Charles B. Norris, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in income tax and additions to tax as follows: Esta L. Yocum - Docket No. 57100
Additions to tax
Sec.
Year
Deficiency
Sec. 293(b)
294(d)(1)(A)
294(d)(2)
1947
$162.00
$ 81.00
$14.79
$ 9.86
1948
503.94
251.97
41.83
27.89
1949
252.66
126.33
22.43
14.94
1951
359.74
179.87
32.29
21.54
Esta L. Yocum and Edna L. Yocum - Docket No. 57101
1952
$202.72
$101.36
$ 9.18
1953
252.38
There are two issues involved: First, *79 whether respondent correctly determined deficiencies in tax and additions to tax in the income tax of Esta L. Yocum for the taxable years 1947, 1948, 1949, and 1951, and in the income tax of Esta L. and Edna L. Yocum for the taxable years 1952 and 1953; second whether the individual income tax returns of Esta L. Yocum for each of the taxable years 1947, 1948, 1949, and 1951, and the joint income tax returns of Esta L. and Edna L. Yocum for the taxable year 1952 were false and fraudulent with intent to evade tax. Findings of Fact Petitioners are husband and wife, residing at Leesburg, Indiana. The returns for the years here in question were filed with the collector or director of internal revenue for the district of Indiana. Esta L. Yocum filed individual income tax returns for each of the years 1947, 1948, 1949, and 1951. Esta L. and Edna L. Yocum filed joint returns for the years 1952 and 1953. For convenience Esta L. Yocum will hereinafter be referred to as petitioner. Petitioner was formerly an employee of the Internal Revenue Service. In the course of his duties he had, on at least two occasions, adjusted the returns of other taxpayers to reflect additional income from dividends *80 or interest. Petitioner and Edna L. Yocum maintained joint savings accounts at two Michigan City, Indiana, savings institutions. Both accounts were credited with dividends during each of the years 1947, 1948, 1949, 1951, and 1952 as follows: Michigan
First
City
Federal Sav-
Building
ings and Loan
and Loan
Association of
Year
Association
Michigan City
1947
$44.52
$ 94.29
1948
53.77
96.19
1949
63.64
98.13
1951
79.01
102.11
1952
91.09
104.16
The president of the Michigan City Building and Loan Association could not recall ever sending petitioner a statement of the amounts credited to his joint account, nor was such a statement sent to petitioner by the First Federal Savings and Loan Association of Michigan City. During the years 1947 through 1952 petitioner reported no income other than his salary from the Internal Revenue Service, with the exception of $5 reported in 1951 as income from estates and trusts and other sources. The notices of deficiency were mailed January 11, 1955. Consideration of the years 1947, 1948, and 1949 is barred by the statute of limitations unless fraud be proved. Opinion VAN FOSSAN, Judge: Respondent *81 alleges that petitioner's individual income tax returns for the years 1947, 1948, 1949, and 1951 and the joint return of petitioner and Edna L. Yocum for the year 1952 were false and fraudulent with intent to evade tax. The burden of establishing fraud rests on the respondent. Such proof must be clear and convincing. Absent proof of fraud, the book is closed on the years 1947 1948, and 1949. Petitioner and Edna L. Yocum maintained joint accounts at two Michigan City savings institutions. Both accounts were credited with dividends during each of the years 1947, 1948, 1949, 1951, and 1952. The evidence indicates that neither of the savings institutions notified petitioner of these dividends. None of the dividends were reported on petitioner's individual income tax returns for the years 1947, 1948, 1949, and 1951, or on the joint return of petitioner and Edna L. Yocum for the year 1952. The fact that petitioner, as an Internal Revenue Service employee, at some time in his experience had adjusted the returns of two taxpayers to reflect additional income from interest or dividends raises an inference that petitioner was aware such dividends should be included in taxable income; however, *82 it is not conclusive and does not establish the necessary fact that petitioner was aware of the dividends credited to his own particular accounts, nor does it follow automatically that by omitting these dividends from his income tax returns he necessarily entertained a fraudulent intent to deprive the Federal Government of revenue due and owing. In the absence of any other indicia of fraud we are of the opinion that respondent has failed to prove by clear and convincing evidence that petitioner's individual income tax returns for any of the years 1947, 1948, 1949, and 1951, or the joint return of petitioner and Edna L. Yocum for the year 1952 were false and fraudulent with intent to evade tax. Since the respondent has failed to prove fraud, consideration of the years 1947, 1948, and 1949 is barred by the statute of limitations. The only remaining question is whether respondent correctly determined deficiencies in petitioner's income tax for the year 1951 and in the income tax of petitioner and Edna L. Yocum for the years 1952 and 1953. It is elementary that the burden of disproving respondent's determination of a deficiency rests upon the petitioner. At the trial petitioner *83 testified in his own behalf but failed to prove any facts inconsistent with respondent's determination. He failed completely to carry his burden. It follows that on this record we hold that respondent correctly determined deficiencies in petitioner's income tax for the year 1951 and in the income tax of petitioner and Edna L. Yocum for the years 1952 and 1953. The record also requires a holding that respondent correctly determined additions to tax under sections 294(d)(1)(A) and 294(d)(2) of the Internal Revenue Code of 1939 for the year 1951, and under section 294(d)(1)(A) for the year 1952. Decisions will be entered under Rule 50.